UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

WALLACE MITCHELL
#51443.060
P.O. BOX 7000
FLORENCE, CO 81226.7000

PLAINTIFF,                    CASE NO. _____

V.

1. J. SPENCER,
   PRISON GUARD
   AKA PILLSBURY DOUGH BOY
   AKA PURPLE TELE TUBBY
   U.S. PENITENTIARY
   P.O. BOX 7500
   FLORENCE, CO 81226.7500

2. D. Mc MICHAELS,
   PRISON GUARD
   AKA SHORT PUFF
   U.S. PENITENTIARY
   P.O. BOX 7500
   FLORENCE, CO 81226.7500

3. S. VINEYARD,
   PRISON SECRETARY
   U.S. PENITENTIARY
   P.O. BOX 7500
   FLORENCE, CO 81226.7500

4. ROBERT MANN,
   PRISON COUNSELOR
   U.S. PENITENTIARY
   P.O. BOX 7500
   FLORENCE, CO 81226.7500

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 07 2021

JEFFREY P. COLWELL
CLERK

5. WiLLiAM Resto, MD
   CLiNiCAL DiRectDR
   U.S. PENiTENtiARY
   P.O. BOX 7500
   FLORENCE, CO 81226.7500

6. KiESHA Resto,
   PHARMACiST
   U.S. PENiTENtiARY
   P.O. BOX 7500
   FLORENCE, CO 81226.7500

7. CARROLL LiNGREN, AKA Lick-Lick
   ASSISTANt HEALTH SERViCES ADMiNiStRATOR
   U.S. PENiTENtiARY
   P.O. BOX 7500
   FLORENCE, CO 81226.7500

8. S, BAYER,
   PHYSICIAN'S ASSISTANt
   U.S. PENiTENtiARY
   P.O. BOX 7500
   FLORENCE, CO 81226.7500

9. NiCHOLAS BAiley,
   NURSE,
   U.S. PENiTENtiARY
   P.O. BOX 7500
   FLORENCE, CO 81226.7500

10. C. CARTER,
    WARDEN,
    U.S. PENiTENtiARY
    P.O. BOX 7500
    FLORENCE, CO 81226.7500

-2-

11. S. LOVETT,
    WARDEN
    U.S. PENITENTIARY
    P.O. BOX 7500
    FLORENCE, CO 81226.7500

12. CAPTAIN LEWIS, J.,
    PRISON GUARD
    U.S. PENITENTIARY
    P.O. BOX 7500
    FLORENCE, CO 81226.7500

13. K. WALLEY,
    PRISON GUARD
    U.S. PENITENTIARY
    P.O. BOX 7500
    FLORENCE, CO 81226.7500

14. OFFICER MARTIN,
    PRISON GUARD
    U.S. PENITENTIARY
    P.O. BOX 7500
    FLORENCE, CO 81226.7500

15. J. JONES,
    PRISON GUARD
    U.S. PENITENTIARY
    P.O. BOX 7500
    FLORENCE, CO 81226.7500

16. K. KLANG,
    PHARMACIST
    U.S. PENITENTIARY
    P.O. BOX 7500
    FLORENCE, CO 81226.7500

- 3 -

17. NIXON ROBERTS, DDS
Dentist
U.S. PENITENTIARY
P.O. BOX 7500
FLORENCE, CO 81226.7500

18. S. MAHAN,
PRISON GUARD
AKA ORANGE GRANDMA
U.S. PENITENTIARY
P.O. BOX 7500
FLORENCE, CO 81226.7500

19. LT. C. RUNQUIST,
PRISON GUARD
U.S. PENITENTIARY
P.O. BOX 7500
FLORENCE, CO 81226.7500

20. C. PINO, CSO,
PRISON GUARD
U.S. PENITENTIARY
P.O. BOX 7500
FLORENCE, CO 81226.7500

21. FOOD MANAGER BARNETT, D.,
U.S. PENITENTIARY
P.O. BOX 7500
FLORENCE, CO 81226.7500

22. M. VALVERDE, CSO,
PRISON GUARD
U.S. PENITENTIARY
P.O. BOX 7500
FLORENCE, CO 81226.7500

-4-

23. GENE JOHNSON, DO
OPTHAMALOGIST
U.S. PENITENTIARY
P.O. BOX 7500
FLORENCE, CO 81226. 7500

24. ANDRES RIVERA, PSY.D,
PSYCHIATRIST
AKA ANDY BANDITO
U.S. PENITENTIARY
P.O. BOX 7500
FLORENCE, CO 81226. 7500

25. IMAM SHUAYB
CHAPLAIN,
U.S. PENITENTIARY
P.O. BOX 7500
FLORENCE, CO 81226. 7500

26. S, STRATTON,
PRISON GUARD
U.S. PENITENTIARY
P.O. BOX 7500
FLORENCE, CO 81226. 7500

27. M. RICKMAN,
PRISON GUARD
U.S. PENITENTIARY
P.O. BOX 7500
FLORENCE, CO 81226. 7500

DEFENDANTS.
IN BOTH THEIR PERSONAL AND PROFESSIONAL CAPACITIES

A CIVIL COMPLAINT

-5-

## I.    PARTIES

PLAINTIFF - FOR ALL TIMES RELEVANT TO THIS COMPLAINT, PLAINTIFF WAS A PRISONER AT THE UNITED STATES PENITENTIARY, FLORENCE, COLORADO (USP-FLO)

DEFENDANTS - FOR ALL TIMES RELEVANT TO THIS COMPLAINT, ALL OF THE DEFENDANTS WERE EMPLOYEES AT USP-FLO

BECAUSE SOME DEFENDANTS SHARE SAME OR SIMILAR NAMES WITH OTHER EMPLOYEES, ADDITIONAL IDENTIFYING INFORMATION IS PROVIDED AS FOLLOWS;

A. DEFENDANT J. SPENCER IS APPROXIMATELY 6'1" TALL, OBESE, WITH A NERVOUS TICK THAT CAUSES HIM TO SHAKE HIS HEAD "NO" FROM LEFT TO RIGHT IN ORDER TO PROPEL HIMSELF FORWARD. HE IS KNOWN TO BOTH STAFF AND INMATES BY HIS NICKNAMES, "PILLSBURY DOUGH BOY" AND "PURPLE TELE TUBBY". AS THE EVIDENCE IN THIS CASE WILL SHOW, SPENCER IS ALWAYS TALKING ON VIDEO, IN EXCESS. INDEED HIS CONSTANT TALKING CONTRIBUTED TO ALOT OF THE INTEL COLLECTED IN PREPARING THIS INSTANT CASE. SPENCER IS A "ROOKIE" IN THE FEDERAL BUREAU OF PRISONS (BOP) WITH APPROXIMATELY FIVE (5) YEARS OF SERVICE. HE ROUTINELY EXHIBITS TRAITS CONSISTENT WITH BI-POLAR BEHAVIOR. [1]

B. THERE ARE TWO (2) DEFENDANTS WITH THE LAST NAME "RESTO", A FATHER-DAUGHTER TEAM. THE FATHER, WILLIAM RESTO, IS IDENTIFIED

[1] PLAINTIFF IS DEGREED IN PSYCHOLOGY.

-6-

THROUGHOUT THE COMPLAINT AS "W. RESTO", AND THE DAUGHTER IS IDENTIFIED AS "K. RESTO".

C. OFFICER MARTIN, PRISON GUARD, IS THE MARTIN THAT WAS ASSIGNED TO WORK UNIT C-A, AT USP-FLO, ON APRIL 22, 2021.

D. S. MAHAN, PRISON GUARD, IS THE MAHAN THAT IS APPROXIMATELY SIXTY (60) YEARS OLD, WITH GRAY HAIR, SOMETIMES STREAKED RED, APPROXIMATELY 5'9" TALL AND WEARS SPRAY-ON ORANGE TAN ON HER FACE ONLY. SHE IS KNOWN TO BOTH STAFF AND INMATES BY HER NICKNAME "ORANGE GRAND--MA."

All TITLES AND OTHER IDENTIFYING INFOR--MATION FOR THE DEFENDANTS IS LISTED IN THE CAPTION.

II. JURISDICTION
THIS CASE IS BROUGHT PURSUANT TO BIVENS V. SIX UNKNOWN NAMED AGENTS OF FED. BUR--EAU OF NARCOTICS, 403 U.S. 388 ((971).

III. STATEMENT OF CLAIM

1. ON JANUARY 5, 2021, WHILE AT USP-FLO, DEFENDANTS SPENCER (MALE) AND MS MICHAELS (FEMALE) AND MAHAN (FEMALE), CONSPIRED TO STEAL PERSONAL PROPERTY BELONGING TO THE PLAINTIFF (SEE ATTACHED ITEMIZED LIST #1) AND IN FACT STOLE THESE ITEMS, WHICH INCLUDED TWO (2) CLASSIC COLLECTOR'S EDITION MUSIC BOOKS, THAT LATER TURNED UP ON EBAY FOR SELL. THESE DEFENDANTS SELF-ADMITTED THAT THEY ROUTINELY STEAL INMATE PROPERTY AND THAT

They were trained that they are allowed to steal inmate property without account-ability. Moreover, these Defendants self-admitted that they stole plaintiff's property for both personal gain and in retaliation for plaintiff having filed grievances-against them with the prison administration.

Defendant Spencer further self-admitted to plaintiff that he was constantly shunned in his youth by females and ignored by them, so that when he is assigned to work with females, he often shows off and he thought the females would be impressed with him if he showed them how to steal inmate property.

In 2014, plaintiff witnessed Defendant Mahan have a "Meltdown" after another inmate had thrown feces on her. During this time she exclaimed how much she hated all men and how she does everything she can to retaliate and take vengence on in-mates every chance she gets. Which goes to state of mind.

The actions of these Defendants were caught on video surveillance and proper notice has been given to the BOP, via cer-tified mail to preserve the video footage as evidence. The actions of these Defendants deprived the plaintiff of property, without due process, the right to exercise free speech and the right to be free of cruel and unusual punishment.

2. Begining August-10, 2020, and con-tinuing to date, Defendant Mann has rou-tinely, continuously and with pattern refused to issue plaintiff the forms necessary to

-8-

Exhaust the Administrative Remedy Procedure (ARP) upon request; Refused to return ARP responses in a timely manner so they can be appealed to the next level, or refused to return them at all; Refused to timely provide postage purchases to facilitate mailing ARP appeals and legal documents; refused to provide stationary supplies; and refused to give the plaintiff reasonable access to his legal materials that Mann is responsible for storing.

Mann self-admitted to taking these actions to prevent plaintiff from exhausting the ARP, and to deny access to the courts. Mann's actions have denied access to the courts and caused plaintiff to miss filing deadlines, and to suffer from late filings in courts.

Defendant Mann has also cancelled or delayed, or terminated plaintiff's legal calls with the courts and his attorneys and monopolized legal calls so as to prevent other Bop staff from scheduling the legal calls when Mann is not at work or not available.

On May 21, 2021 defendant Mann seized legal exhibits from plaintiffs property and has not returned them to date. The actions of defendant Mann violated plaintiffs right to exercise free speech and free association, and to access the courts, and the right to be free of retaliation, and constitutes punishment without due process and cruel and unusual punishment.

3. On April 22, 2021, defendants McMichaels,

- 9 -

MARTIN, AND MAHAN CONSPIRED TO STEAL PERSONAL PROPERTY BELONGING TO THE PLAINTIFF, AND DID STEAL MULTIPLE ITEMS OF PLAINTIFFS PERSONAL PROPERTY (SEE ITEMIZED LIST #2, ATTACHED) THESE DEFENDANTS SELF-ADMITTED, THAT THEY ROUTINELY STEAL INMATES PERSONAL PROPERTY AND THAT THEY WERE TRAINED THAT THEY ARE ALLOWED TO STEAL INMATE PERSONAL PROPERTY WITHOUT ACCOUNT-ABILITY. THESE DEFENDANTS' FURTHER ADMITTED THAT THEY STOLE PLAINTIFFS PROPERTY FOR BOTH PERSONAL GAIN AND IN RETALIATION FOR THE PLAINTIFF HAVING FILED GRIEVANCES AGAINST THEM. FURTHER, IN ATTEMPTS TO COVER UP THEIR ACTS OF THEFT, DEFENDANTS MARTIN AND MCMICHAELS LEFT PLAINTIFFS CELL UN-SECURED, AND ALLOWED OTHER INMATES TO REMOVE ITEMS FROM THE PLAINTIFFS CELL.

THE ACTIONS OF THESE DEFENDANTS WERE CAUGHT ON VIDEO SURVEILLANCE, AND PRO-PER NOTICE WAS GIVEN TO THE BOP TO PRESERVE THE VIDEO FOOTAGE AS EVIDENCE, VIA CERTIFIED MAIL.

THE ACTIONS OF THESE DEFENDANTS DE-PRIVED THE PLAINTIFF OF THE RIGHT TO EXERCISE FREE SPEECH, WAS PUNISHMENT WITHOUT DUE PROCESS, AND CRUEL AND UNUSUAL PUNISHMENT.

4. ON AUGUST 7, 2020, PLAINTIFF ARRIVED IN THE CUSTODY OF USP-FLO, AFTER BEING RELEASED FROM CUSTODY ON WRIT FOR SIX (6) YEARS. AS PER THE TRANSFER PROTOCOL OF THE UNITED STATES MARSHALS SERVICE (USMS) PLAINTIFF ARRIVED WITH A LIST OF HIS CURRENT MEDI-CATIONS, AND A THIRTY (30) DAY SUPPLY OF EACH, WHICH INCLUDED WELLBUTRIN (BUPROPION)

For anxiety and depression, and gabapentin (Neurontin) for extreme pain resulting from multiple surgeries and osteoarthritis.

As soon as the Plaintiff stepped into USP-Flo, he was met by Defendant Bailey, who announced that Plaintiff would not be able to receive Wellbutrin and Gabapentin at USP-Flo due to the costs and further, that USP-Flo always finds a way to discontinue those two medications.

Eventually, Defendants Bailey, Lingren, Klang, W. Resto, K. Resto, Bayer and Rivera, without any examination to determine risk, discontinued Plaintiff's Wellbutrin and Gabapentin, claiming Plaintiff had "diverted" his meds, however, Wellbutrin and Gabapentin are "watch take" medications, requiring a staff member(s) to be investigated and terminated, in accordance with BOP protocols, if an inmate is allowed to divert his medications. No staff have been investigated or terminated because no diversion ever took place. Moreover, there is no chain-of-custody leading from the Plaintiff to any diverted medication.

The actions of these Defendants caused the Plaintiff to suffer anxiety and depression and to remain in constant pain which continues to date. Without his specific medications Plaintiff has suffered psychosis and periods of complete paralysis. The actions of these Defendants were cruel and unusual punishment, exhibited deliberate indifference to Plaintiff's serious medical needs, and was punishment without due process.

-11-

5. ON OR ABOUT AUGUST 10, 2020, AND CONTINUING TO DATE, DEFENDANTS BAILEY, LINGREN KLANG, W. RESTO, AND BAYER HAVE REFUSED TO EXAMINE OR TREAT THE PLAINTIFF FOR SYNSCOPE, HEMORRHOIDS, INFECTED TOENAILS, CONSTIPATION, ALLERGIES, MEMORY LOSS, SKIN RASH, ACID INDIGESTION, EXCESS SWEATING, ASTHMA, ARTHRITIS AND ABDOMEN FOCAL ECHOGENIC STRUCTURE, DESPITE MULTIPLE REQUEST, LEAVING PLAINTIFF IN A DEGENERATIVE STATE AND CONSTANT PAIN AND SUFFERING.

ACCORDING TO THESE DEFENDANTS, MEDICAL TREATMENT IN THE BOP IS CONTROLLED BY THE BUDGET AND AN INMATES COMMISSARY ACCOUNT, AS OPPOSED TO ACTUAL NEED.

THESE DEFENDANTS ARE DELIBERATELY INDIFFERENT TO PLAINTIFF'S SERIOUS MEDICAL NEEDS. THE ACTIONS OF THESE DEFENDANTS IS CRUEL AND UNUSUAL PUNISHMENT AND PUNISHMENT WITHOUT DUE PROCESS

6. ON OR ABOUT AUGUST 10, 2020 AND CONTINUING TO DATE, DEFENDANTS NIXON AND LINGREN HAVE REFUSED TO GIVE PLAINTIFF A TOOTH CLEANING, DENTURE CLEANING, OR TREAT HIS GUM DISEASE CAUSING THE PLAINTIFF TO BE IN CONSTANT MOUTH PAIN. NIXON AND LINGREN ARE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS DENTAL NEEDS. THE ACTIONS OF THESE DEFENDANTS ARE CRUEL AND UNUSUAL PUNISHMENT AND PUNISHMENT WITHOUT DUE PROCESS.

7. ON OR ABOUT SEPTEMBER 12, 2020 AND CONTINUING TO DATE, DEFENDANTS JOHNSON, W. RESTO AND LINGREN HAVE REFUSED TO TREAT THE PLAINTIFF'S CATARACTS AND REFUSE TO ALLOW

-12-

PLAINTIFF to ORDER AND RECEIVE HIS QUALITY PRESCRIPTION EYEGLASSES FROM A CERTIFIED ACCREDITED VENDOR AND DISTRIBUTOR OF EYE-WEAR. DEFENDANT LINGREN SELF-ADMITS THAT BY PREVENTING PLAINTIFF FROM HAVING HIS EYEGLASSES SHE HOPES HE WILL NOT BE ABLE to PURSUE THIS INSTANT COMPLAINT OR GRIEVANCES AGAINST USP-Flo STAFF. THE ACTIONS OF THESE DEFENDANTS ARE DELIBERATELY INDIFFERENT to THE PLAINTIFF'S SERIOUS MEDICAL NEEDS. THE ACTIONS OF THESE DEFENDANTS ARE CRUEL AND UNUSUAL PUNISHMENT, AND PUNISHMENT WITHOUT DUE PROCESS.

8. ON OR ABOUT NOVEMBER 21, 2020 DEFENDANTS MANN AND LINGREN FORCED THE PLAINTIFF to ACCEPT A CELLMATE THAT WAS COVID-19 POSITIVE, AND HE COMPLAINED to THEM THAT HE WAS STILL HAVING SYMPTOMS. MANN AND LINGREN EX-PRESSED INTENT THAT PLAINTIFF WOULD BE IN-FECTED WITH COVID-19, RESULTING IN HIS WRONG-FUL DEATH. AS A RESULT OF EXPOSURE to THE INFECTED CELLMATE, AS A RESULT OF THESE DE-FENDANTS ACTIONS, PLAINTIFF WAS INFECTED WITH COVID-19 AND SUFFERED SEVERE HEADACHES, SHORTNESS OF BREATH, BLOOD CLOTTING AND A CONTINUING SKIN DISORDER AND BRAIN FOG, AND ALSO SUFFERED A NEAR DEATH EXPERIENCE DUE to HIS PRE-EXISTING MEDICAL CONDITIONS. DURING THE INFECTION, DEFENDANTS LINGREN, W. RESTO, BAILEY, AND BAYER REFUSED to TREAT THE PLAINTIFF FOR HIS COVID-19 SYMPTOMS AND WERE DELIBERATELY INDIFFERENT to PLAINTIFF'S SERIOUS MEDICAL NEEDS. DEFENDANTS MANN AND LINGREN SELF-ADMITTED THEY FORCED HIM to ACCEPT A COVID-19 POSITIVE INMATE IN RETALIATION FOR PLAINTIFF HAVING FILED GRIEVANCES ON USP-Plo STAFF. THE ACTIONS OF THESE DEFEN-

- DANTS VIOLATED PLAINTIFF'S RIGHT TO EXERCISE FREE SPEECH AND WERE CRUEL AND UNUSUAL PUNISHMENT AND PUNISHMENT WITHOUT DUE PROCESS.

9. ON AUGUST 7, 2020, DEFENDANT BAILEY GAVE PLAINTIFF A USELESS, FRIVOLOUS, AND WHOLLY UNNECESSARY COVID-19 TEST UPON ARRIVING AT USP-FLO. BAILEY SELF-ADMITTED THAT IRREGARDLESS OF THE OUTCOME OF THAT TEST, EVERYONE ARRIVING AT USP-FLO IS PLACED IN ISOLATION QUARANTINE UNTIL THEY TEST NEGATIVE IN TWO SUBSEQUENT TEST. BAILEY ADVISED PLAINTIFF THAT EVEN THOUGH THE TEST HAD NO TRUE MEDICAL PURPOSE, THAT THE PLAINTIFF STILL COULD NOT REFUSE IT. BAILEY FURTHER ADMITTED THAT THE TEST WAS SOLELY TO FUNNEL MONEY TO THE MANUFACTURE OF THE TEST. UPON ADMINISTERING THE TEST WITH A COTTON SWAB IN THE NOSE, BAILEY CAUSED THE PLAINTIFF TO HAVE A NOSE BLEED. AS A RESULT OF THE TEST, PLAINTIFF SUFFERED ANXIETY AND DEPRESSION. THE ACTIONS OF BAILEY CONSTITUTED AN ILLEGAL SEARCH AND SEIZURE, A VIOLATION OF THE RIGHT TO PRIVACY AND WAS CRUEL AND UNUSUAL PUNISHMENT AND PUNISHMENT WITHOUT DUE PROCESS.

10. ON MARCH 10, 2021, DEFENDANT LOVETT,[2] MANN, AND LINGREN PLACED PLAINTIFF IN ISOLATION QUARANTINE CLAIMING PLAINTIFF HAD TESTED POSITIVE FOR COVID-19. PLAINTIFF HAD SUPPOSEDLY ALREADY BEEN VACCINATED BY THE DEFENDANTS AT THAT TIME. HOWEVER, THE TRUE PLAN LATER REVEALED WAS TO EXPOSE THE PLAINTIFF TO COVID-19 'AGAIN', SEPERATE PLAINTIFF FROM HIS LEGAL MATERIALS AND PLACE PLAINTIFF IN SEGREGATION

- 14 -

without due process. The unit B-B, used for quarantine at that time, was never cleaned and sanitized and plaintiff was not allowed to receive or send mail from March 10, 2021 to March 23, 2021. No mail was delivered to the quarantine unit, and no mail was taken out of that unit, it never had a mail bag. These actions were caught on video tape and proper notice was given to the BOP, via certified mail, to preserve the video footage as evidence. The actions of these defendants denied plaintiff access to the courts, access to the ARP, and caused plaintiff to be re-infected with COVID-19, and to suffer anxiety, depression, and nightmares and to have a near death experience, due to pre-existing conditions.

During that time defendants Lingren, W. Resto, Bailey, Bayer and Rivera refused to treat the plaintiff and were deliberately indifferent to the plaintiff's serious medical needs. The actions of these defendants denied plaintiff the right to exercise free speech and free association, were cruel and unusual punishment and punishment without due process.

12. Beginning August 10, 2020 and continuing to date, defendants W. Resto, K. Resto, Lingren, Bayer, Bailey, Klang and Roberts, have conducted examinations and consults with the plaintiff and other inmates at their cell doors where other inmates can hear the health

2/ Warden Lovett replaced Warden Carter at USP-FLO on or about February 1, 2021.

-15-

CONCERNS IN VIOLATION OF HIPPAA; ENDANGERING THE INMATES AND BREACHING PRIVACY. THESE DEFENDANTS HAVE DONE BLOOD DRAWS, COVID-19 TEST, BLOOD PRESSURE TEST, AND OTHER TEST, WITH THE PLAINTIFF THROUGH THE CELL DOOR FOOD TRAY SLOT WHICH IS UN-SANITARY AND A VIOLATION OF THE CENTERS FOR DISEASE CONTROL AND PREVENTION (CDC) AND THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES (HHS) GUIDELINES, AND DONE SO DESPITE ALL USP-FLO HOUSING UNITS HAVING A MEDICAL EXAM ROOM FOR JUST SUCH PURPOSES. DEFEN-DANT LINGREN SELF-ADMITTED THAT THEY "DROPPED THE BALL ON THAT ONE," AND PROBABLY CONTRIBUTED TO THE SPREAD OF COVID-19 AT USP-FLO.[3] LINGREN FURTHER STATES THAT SHE SHOULD NOT BE HELD RESPON-SIBLE, BECAUSE SHE BECAME ASSISTANT HEALTH SERVICES ADMINISTRATOR (AHSA) BY DEFAULT, AFTER HIRING ON AS A TEMP IN 2013, AND REMAINING UNTIL EVERYONE WITH SENIORITY LEFT, BUT HAVING NO TRAINING OR HISTORY AS AN ADMINISTRATOR.

THESE DEFENDANTS FAILED TO MAINTAIN A SAFE AND SECURE ENVIRONMENT FOR THE PLAINTIFF, VIOLATED THE PLAINTIFF'S RIGHT TO PRIVACY, PURPOSEFULLY AND WILLFULLY PLACED THE PLAINTIFF AT RISK OF HARM OR SERIOUS HARM AND INJURY AND CONTINUE TO DO SO WHICH IS CRUEL AND UNUSUAL PUNISHMENT.

13. BEGINING AUGUST 7, 2020 AND CONTINUING

[3] USP-FLO HAS HAD APPROXIMATELY 600 CASES OF COVID-19 DURING THE PANDEMIC BETWEEN STAFF AND INMATES.

-16-

To date DEFENDANT BARNETT HAS FAILED to ADEQUATELY PREPARE AND SERVE MEALS to THE PLAINTIFF, MEALS ARE SERVED NOT COMPLETELY COOKED, WITH SMALL PORTIONS, NO SEASONING OR TASTE, AND AT VARIOUS TEMPERATURES. AND BECAUSE THE BOP SETS ITS OWN DIETARY STANDARDS THE MENU IS CONTROLLED BY THE FISCAL BUDGET RATHER THAN ACTUAL NUTRITIONAL NEEDS, WHICH LEADS TO "WASTE PURCHASES" OF FOODS NO ONE IN PRISON, TO INCLUDE THE PLAINTIFF, WILL EAT (E.G. BEETS, PLAIN LETTUCE, CARROTS, RAW SQUASH)

DEFENDANT BARNETT HAS SERVED THE PLAINTIFF COLD, STIFF GRITS AND ROTTEN APPLES FOR BREAKFAST FOUR (4) DAYS A WEEK. ADDITIONALLY BARNETT HAS FORCED THE PLAINTIFF TO DRINK KOSHER-VEGAN-SOY MILK DAILY, KNOWING PLAINTIFF IS NOT JEWISH, NOT VEGAN, AND ALLERGIC TO SOY. BARNETT SERVES PLAINTIFFS MEALS ON OLD SOILED AND STAINED FOOD TRAYS THAT CAN NOT BE CLEANED. THE ACTIONS OF BARNETT HAVE CAUSED PLAINTIFF OVERALL DETERIORATION OF HEALTH, PROGRESSED HIS PRE-EXISTING CONDITIONS, CREATED HUNGER PAINS, CAUSED ALLERGIC REACTIONS AND WERE INTENDED TO CAUSE THE WRONGFUL DEATH OF THE PLAINTIFF. THE ACTIONS OF BARNETT WERE CRUEL AND UNUSUAL PUNISHMENT AND PUNISHMENT WITHOUT DUE PROCESS

14. ON OR ABOUT OCTOBER 21, 2020 AND CONTINUING TO DATE, DEFENDANTS CARTER, LOVETT, MANN, LEWIS AND RUNQUET, HAVE FORCED THE PLAINTIFF TO ACCEPT CELLMATES THAT ARE ENEMIES AFTER THE PLAINTIFF HAS CLEARLY NOTIFIED STAFF THAT THE POTENTIAL CELLMATE IS AN ENEMY, AND IN MOST CASES BEFORE THE CELLMATE IS PLACED IN THE CELL. THESE DEFENDANTS SELF-ADMIT

-17-

THAT IF THEY HAD ANY IDEA WHAT INMATES ARE SAFE TO BE FORCED TOGETHER, THERE WOULD NEVER BE ANY IN-CELL MURDERS, OR IN-CELL ASSAULTS, OR IN-CELL RAPES, OR IN-CELL FIGHTS, RATHER, ASSIGNING INMATES TO CELL TOGETHER, IS ALOT OF GUESS WORK, LUCK, AND RELYING ON THE INMATES THEMSELVES, TO STATE WHETHER OR NOT THEY CAN GET ALONG. HOWEVER, THESE DEFENDANTS STATE THEY PREFER THAT INMATES STAB AND FIGHT EACH OTHER WHEN WRONGFULLY MATCHED IN A CELL, AS WILL INDICATE THAT USP-FLO HAS ALOT OF DRAMA, AND VIOLENCE, AND MAKE STAFF ELIGIBLE FOR HAZARDOUS DUTY PAY. ADDITIONALLY, STAFF USP-FLO PRE-ARRANGE IN-CELL GLADIATOR MATCHES BE-TWEEN CELLMATES FORCED TOGETHER, AND MAKE BETS ON WHO WILL BE THE WINNER.

THESE DEFENDANTS ARE FORCING PLAINTIFF TO DOUBLE CELL IN CELLS DESIGNED FOR ONE INMATE. SPECIFICALLY, THE SUPREME COURT HELD THAT LESS THAN SEVENTY-FIVE (75) SQUARE FEET OF SPACE PER INMATE IN A CELL IS CRUEL AND UNUSUAL. RHODES V. CHAPMAN, 452 U.S. 337 (1981). THE PLAINTIFF AVERS THAT NO CELL AT USP-FLO ALLOWS ENOUGH SPACE FOR DOUBLE OCCUPANCY WITHOUT BEING CRUEL AND UNUSUAL PUNISH-MENT. IT SHOULD BE NOTED THERE EXIST NO LAW, RULE OR GUIDELINE THAT MANDATES TWO INMATES BE ASSIGNED TO A CELL.

BY FORCING THE PLAINTIFF TO DOUBLE CELL, THE PLAINTIFF IS FORCED TO URINATE, MASTERBATE AND DEFICATE IN FRONT OF ANOTHER INMATE AND FORCING THE PLAINTIFF TO OBSERVE ANOTHER INMATE URINATE, MASTURBATE AND DEFICATE.

WITH THE EXPRESSED PURPOSE OF PROMOTING HOMOSEXUALITY AND MENTAL ILLNESS, AND THE SPREAD OF DISEASE, WHICH IS HIGHLY CRUEL AND UNUSUAL. THESE DEFENDANTS HAVE ALSO ENCOURAGED INMATES TO READ THROUGH THE PLAINTIFF'S LEGAL DOCUMENTS AND PERSONAL PAPERS, WHILE PLAINTIFF IS OUT OF THE CELL, TO SEE IF THEY CAN OBTAIN INFORMATION TO SELL TO THE BOP OR UNITED STATES ATTORNEY, OR BECOME WITNESSES AGAINST THE PLAINTIFF IN HIS OPEN CASES.

THE ACTIONS OF THESE DEFENDANTS HAVE CAUSED THE PLAINTIFF TO SUFFER MULTIPLE INJURIES TO HIS HEAD, UPPER TORSO, AND HANDS, DURING IN-CELL ALTERCATIONS; AND ANXIETY, DEPRESSION AND NIGHTMARES IN VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT AND PUNISHMENT WITHOUT DUE PROCESS.

15. BEGINNING ON OR ABOUT OCTOBER 21, 2020, AND CONTINUING TO DATE, DEFENDANTS SPENCER, ME MICHAELS, MANN, WALLEY, JONES AND STRATTON HAVE CONSPIRED TO DENY PLAINTIFF ACCESS TO THE COURTS AND ACCESS TO FAMILY AND FRIENDS, BY REFUSING TO ALLOW PLAINTIFF'S MAIL TO LEAVE USP-FLO.

ADDITIONALLY, THESE DEFENDANTS HAVE DEMANDED TO READ THROUGH PLAINTIFF'S OUTGOING LEGAL MAIL TO THE COURTS OR ATTORNEYS, BEFORE ALLOWING IT TO BE MAILED OUT OF USP-FLO, OR THEY WILL REFUSE TO MAIL IT OUT DESPITE THE BOP'S OWN POLICY STATING THAT OUTGOING LEGAL MAIL CAN BE SEALED BEFORE BEING GIVEN TO STAFF FOR MAILING.

THESE DEFENDANTS HAVE SELF-ADMITTED THAT

They receive an incentive, and gratuities from the United States Attorney's office and the USP-FLO Legal Department, for information that they glean from plaintiff's outgoing legal mail. As a result of the actions of these defendants plaintiff has been delayed in filling and pursuing claims in multiple active cases, to include his criminal defense and even suffered the dismissal of actions for not timely prosecuting. (see exhibit no. 1). Defendants Spencer and Mc Michaels have self-admitted to removing plaintiff's outgoing mail from the outgoing mailbox and giving it to defendant Mann for disposal on multiple occasions. Additionally plaintiff arranged for his mail to be tracked to the USP-FLO, and a second arrangement inside the facility to track his mail movements inside has revealed that Mc Michaels and Spencer have failed to deliver seventeen (17) pieces of mail entrusted in their care to date, in a classic set up. The evidence also shows on numerous occasions, defendant Spencer sent plaintiff's mail to the special investigations section (SIS) of USP-FLO, for no valid reason.

Defendants Spencer, Mc Michaels, Martin and Walley, have self-admitted to giving plaintiffs' mail to another inmate, whos last name is "Wallace" on multiple occasions.⁴ And even after being

⁴/ That inmate has provided a sworn statement to the plaintiff.

-20-

NOTIFIED BY INMATE WALLACE, THEY REFUSED TO DELIVER PLAINTIFF'S MAIL CORRECTLY. THE ACTIONS OF THESE DEFENDANTS DENIED PLAINTIFF ACCESS TO THE COURTS AND COUNSEL, VIOLATED PLAINTIFF'S RIGHT TO FREE SPEECH AND FREE ASSOCIATION AND TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT AND PUNISHMENT WITHOUT DUE PROCESS.

16. ON OR ABOUT SEPTEMBER 20, 2020, DEFENDANT VINEYARD PLACED DISCIPLINARY SANCTIONS ON THE PLAINTIFF, TO INCLUDE THE FORFEITURE OF GOOD CONDUCT TIME (GTC), WITHOUT ANY FORM OF DUE PROCESS. DEFENDANT VINEYARD SELF-ADMITTED TO CONSPIRING TO DO THIS ACTION WITH DEFENDANT MANN AND TO FALSIFYING PLAINTIFF'S PRISON RECORDS IN ORDER TO FACILITATE THE FRAUDULENT SANCTIONS UNDER THE GUISE OF AN AUDIT. THE ACTIONS OF VINEYARD CAUSE THE PLAINTIFF TO SUFFER AN UNCONSTITUTIONAL LENGTHENING OF SENTENCE, PREVENTING PLAINTIFF FROM TELEPHONING HIS ATTORNEYS AND FAMILY MEMBERS; DENIED PLAINTIFF ACCESS TO THE USP-FLO COMMISSARY AND DENIED THE PLAINTIFF THE RIGHT TO EXERCISE FREE SPEECH AND FREE ASSOCIATION AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT AND A PUNISHMENT WITHOUT DUE PROCESS.

17. BEGINING AUGUST 10, 2020, AND CONTINUING TO DATE, DEFENDANTS PINO AND VALVERDE HAVE STOLEN STAMPS OFF PLAINTIFF'S INCOMING MAIL FOR THEIR OWN PERSONAL STAMP COLLECTIONS WITHOUT THE PLAINTIFF'S CONSENT OR NOTICE; REMOVED THE POST-MARK DATES OFF THE INCOMING MAIL TO PLAINTIFF, IN ORDER TO CONCEAL THE FACT THAT THE MAIL WAS DELAYED BEFORE

-21-

BEING ISSUED TO THE PLAINTIFF; RETURNED MAIL FOR NO VALID PENEOLOGICAL REASON WITHOUT NOTICE, OR THE OPPORTUNITY TO APPEAL SUCH ACTION; STOLEN INCOMING GREETING CARDS AND DESTROYED INCOMING MAIL AND/OR ITS CONTENTS. THE ACTIONS OF THESE DEFENDANTS CAUSED PLAINTIFF TO MISS COURT DEADLINES; BECOME ALIENATED FROM FAMILY, FRIENDS AND HIS ATTORNEYS, IN VIO-LATION OF PLAINTIFF'S RIGHT TO ACCESS THE COURTS, FREE ASSOCIATION AND TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT, AND PUNISHMENT WITHOUT DUE PROCESS.

18. ON APRIL 22, 2021, SEVERAL INMATES WITH WEAPONS, ENTERED PLAINTIFF'S CELL IN THE GENERAL POPULATION (GP) OF USP-FLO, AND TOLD THE PLAINTIFF HE HAD TO LEAVE GP IMMEDIATELY AND NOT RETURN, OR HE WOULD BE KILLED. THE PLAINTIFF RELAYED THIS INCIDENT TO VARIOUS USP-FLO STAFF, TO INCLUDE, BUT NOT LIMITED TO, DE-FENDANTS LOVETT, MANN, LEWIS, RUNQUIST AND RICKMAN. AS A RESULT PLAINTIFF WAS PLACED IN SOLITARY CONFINEMENT (SHU) ON PROTECTIVE CUSTODY, PENDING A TRANSFER TO ANOTHER FACILITY. HOWEVER, AFTER LEARNING PLAINTIFF HAD FILED A SEPERATE CIVIL ACTION (SEE MITCHELL V. CARTER, CASE NO. 1:20-CV-03536-RM) WHICH INCLUDED ALLEGATIONS AGAINST DEFENDANTS CARTER, LOVETT AND VINEYARD; DEFENDANTS LOVETT, MANN, LEWIS, RUNQUIST AND RICKMAN TOLD THE PLAINTIFF THAT IF HE DID NOT WITHDRAW THE OTHER ACTION AND /OR STOP PROSECUTING IT, THEY WOULD FORCE THE PLAINTIFF INTO GP TO BE HARMED OR KILLED. WHEN PLAINTIFF CONTINUED TO PROSECUTE THE MATTER, THESE DEFENDANTS TRIED TO FORCE PLAINTIFF

INTO GP ON BOTH MAY 20 AND 27, 2021, AND WHEN PLAINTIFF REFUSED, CITING THREATS TO HIS SAFETY, DEFENDANT RICKMAN FALSIFIED A DISCIPLINARY INCIDENT REPORT ON THE PLAINTIFF. THESE DEFENDANTS CONTINUE TO TRY AND FORCE PLAINTIFF TO GP TO DATE AND THREATEN HIM WITH DISCIPLINARY ACTION IF HE REFUSES, EVEN THOUGH BOP POLICY REQUIRES PLAINTIFF BE TRANSFERRED TO GP IN ANOTHER FACILITY.

ADDITIONALLY, DEFENDANT SPENCER PROVIDED INFORMATION TO THREE (3) SHU INMATE WORKERS THAT THE PLAINTIFF WAS AN "INFORMANT," AND DIRECTED THEM NOT TO PROVIDE THE PLAINTIFF ANY SERVICES, WHICH PLACED PLAINTIFF EVEN FURTHER IN DANGER.⁵/ THE ACTIONS OF THESE DEFENDANTS WERE DELIBERATELY INDIFFERENT TO THE HEALTH AND SAFETY OF PLAINTIFF AND ENDANGERED PLAINTIFF'S LIFE, AND CONTINUE TO DO SO TO DATE, AND HAVE CREATED A HAZARDOUS ENVIRONMENT FOR THE PLAINTIFF IN VIOLATION OF HIS RIGHT TO BE FREE OF PUNISHMENT WITHOUT DUE PROCESS AND CRUEL AND UNUSUAL PUNISHMENT.

19. FROM JANUARY 5, 2021 TO JANUARY 22, 2021, AND AGAIN FROM APRIL 22, 2021 TO DATE, PLAINTIFF WAS PLACED IN SHU FOR PROTECTION. WHILE IN SHU, DEFENDANTS LOVETT, SPENCER, MAHAN, MANN, LEWIS, RUNQUIST, STRATTON AND RICKMAN HAVE DENIED PLAINTIFF ACCESS TO THE LAW LIBRARY, SEGREGATION REVIEWS, WITHHELD PLAINTIFF'S NEWSPAPERS AND MAGAZINES, NOT ALLOWED TO HAVE FAMILY PHOTOGRAPHS, NOT

5/ THESE INMATES HAVE PROVIDED SWORN STATEMENTS TO PLAINTIFF.

Allowed Him Adequate Hygiene items, Not issued Him proper clothing, Not issued Him a proper mattress, Not provided a proper means to Launary soiled clothing, Not provided meaningful cleaning supplies, stolen photograph's from Plaintiffs Mail, Not Allowed Plaintiff Any out-of-cell time, Not provided Any opportunity to sweep and mop His cell or clean the toilet and sink, Keep the light in plaintiff's cell on 24 Hours, Not issued plaintiff or Any inmate a receipt for property and clothing worn into the SHU, Not issued any pillows, Not issued any de- -tention orders to provide notice of the reason for SHU placement for plaintiff or Any inmate, Not provided Any reasonable access to the inmate Trust Fund Store, Not Allowed Plaintiff or Any inmate to Have mail and legal materials from His property, Not permitted Any religious materials, Not permitted Adequate opportunity to shave and Haircut, And case managers Never make rounds in SHU, All in violation of the BOP's own SHU policy, Plaintiff Avers that, in sum, that the totality of the conditions in SHU constitute Torture And cruel And unusual punishment, And have caused the plaintiff to suffer head, neck, shoulder and back injuries, psychosis, Anxiety And Depression, Denial of access to the courts, Attorneys And Family And Friends And punishment with- -out Due process.

20. From April 13, 2021 through May

-24-

13, 2021, DEFENDANTS SHUAYB AND LOVETT REFUSED TO ALLOW THE PLAINTIFF TO PARTICIPATE IN RAMADAN IN VIOLATION OF PLAINTIFF'S RIGHT TO FREE EXERCISE OF RELIGION AND THE APPLICABLE LAND USE AND INSTITUTIONALIZED PERSON ACTS, CAUSING THE PLAINTIFF TO SUFFER DEEP ANXIETY AND DEPRESSION. THESE DEFENDANTS SELF-ADMITTED THEY TRY TO KEEP AS MANY INMATES AS POSSIBLE FROM PARTICIPATING IN RAMADAN IN ORDER TO MAKE THE OBSERVATION MORE MANAGEABLE.

## IV. PREVIOUS LAWSUITS AND CASES (SEE EXHIBIT NO. 1)

## V. ADMINISTRATIVE REMEDIES:

PLAINTIFF HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES TO THE EXTENT AVAILABLE TO HIM. A DETAILED EXPLANATION OF THE EXHAUSTION EFFORTS HAS BEEN EXPLAINED IN THE COMPLAINT IN THE CASE OF MITCHELL V. CARTER CASE NO. 1:20-CV-03536-RM, A RELATED SUIT, WHICH IS INCORPORATED HEREIN BY REFERENCE. FURTHER, PART OF THIS COMPLAINT INCLUDES ALLEGATIONS OF THE DEFENDANTS IMPEDING ACCESS TO THE ARP.

## VI. RELIEF SOUGHT

1. PLAINTIFF SEEKS A TRIAL BY JURY.
2. PLAINTIFF SEEKS COMPENSARY DAMAGES IN THE AMOUNT OF FOUR HUNDRED THOUSAND DOLLARS ($400,000.00)
3. PLAINTIFF SEEKS PUNITIVE DAMAGES IN

THE AMOUNT OF TWELVE THOUSAND DOLLARS ($12,000.00) FROM EACH INDIVIDUAL DEFENDANT

4. PLAINTIFF SEEKS A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION (TRO /P.I) to ENJOIN THE DEFENDANTS FROM ALL IN-ACTIONS AND ACTIONS DESCRIBED IN THE COMPLAINT, to INCLUDE BUT NOT LIMITED TO:

- FAILING to TRANSFER PLAINTIFF to THE GENERAL POPULATION OF ANOTHER FACILITY

- ATTEMPTING to DESTROY OR ALTER VIDEO FOOTAGE OR OTHER EVIDENCE REASONABLY RELATED to THE ALLEGATIONS OF THE COMPLAINT.

- DENYING PLAINTIFF ACCESS to THE LAW LIBRARY, HIS PERSONAL MAIL, LEGAL MATERIALS, NEWS-PAPERS, MAGAZINES, POSTAGE AND STATIONARY Supplies

- DIRECTING DEFENDANTS to ARRANGE FOR A complete PHYSICAL AND DENTAL EXAM AND EYE EXAM BY INDEPENDENT COMMUNITY BASED, QUALIFIED HEALTH CARE GIVERS.

- To STOP DEFENDANTS FROM TRYING to FORCE PLAINTIFF to CELL WITH ANY INMATE HE HAS IDENTIFIED AS AN ENEMY to A USP-FLO STAFF MEMBER.

- RESTORE PLAINTIFFS WELLBUTRIN AND GABA-PENTIN MEDIZATIONS IN COMPLIANCE WITH THE PREVIOUS WRITTEN PHYSICIANS ORDER

- DIRECT DEFENDANTS to IMMEDIATELY COME

into compliance with the code of Federal regulations that govern SHU, i.e. 28 C.F.R §§ 540-541, et seq. And the BOP's own program statement 5270 "special Housing units", and all allegations of criminal conduct be referred to the Inspector General.

5. Plaintiff seeks a Declaratory Judgment that the Defendants individually and collectively violated his constitutional and statutorily protected rights.

6. Plaintiff request court cost and fees be assessed to the Defendants

7. Plaintiff seeks any and all other such relief as he may be entitled to by law.

I declare under the penalty of perjury the foregoing is true and correct to the best of my knowledge and information, (28 U.S.C. § 1746).

DATE: 6-1-21                     Respectfully submitted
                                 Wallace Mitchell
                                 WALLACE MITCHELL
                                 #51443.060
                                 P.O. Box 7000
                                 FLORENCE, CO 81226.7000

-27-

# Itemized List #1

1 HERITAGE SOAP POWDER
5 BOOKS OF STAMPS
6 REFLECTOR MIRRORS
2 COURT ORDERS ATTACHED TO DOOR
4 PAPER BACK BOOKS DAMAGED
1 SEASONING EACH OF: ONION, GARLIC, ADDED
6 PERSONAL T-SHIRTS (SIZE 6X)
8 PERSONAL SOCKS
8 PERSONAL BOXERS (SIZE 4X)
2 CLASSIC COLLECTOR'S MUSIC BOOKS
1 REFRIED BEANS
4 MUSLIM PRAYER OILS
2 TUBES OF ORAGEL TOOTHPASTE
1 IRISH SPRING SOAP
1 COLGATE TOOTHPASTE
1 FOOT POWDER
2 FISH STEAKS
1 SNACK CRACKER
1 WORLD MAP
5 PERSONAL PHOTOGRAPH'S
3 PERSONAL KNIT CAPS
1 PERSONAL BATH TOWEL
6 SECURITY INK PENS
2 WRITING TABLETS
1 DAMAGED/DESTROYED DRINKING PITCHER
1 DAMAGED RADIO (BROKEN TUNING KNOB)
1 JOCK STRAP
1 CHAPSTICK
4 PETROLEUM JELLY
1 VICKS VAPOR RUB
2 PANTENE'S SHAMPOOS
1 TRIPLE ANTIBIOTIC OINTMENT

## ITEMIZED LIST #2

1 PRAYER RUG
1 PRAYER SHAWL
2 MAGAZINES
1 MICROWAVE BOWL
1 BAG OF SHAVING RAZORS
1 PAIR OF RIDDELL TENNIS SHOES
1 GREY BASIN
2 PAPER BACK BOOKS
1 BOX OF ALL DETERGENT
1 PAIR OF NIKE TENNIS SHOES
4 TUBES OF HYDROCORTISONE CREAM
4 TUBES OF ANTIFUNGAL CREAM
1 PAIR OF NIKE SLIPPERS
1 PAIR OF AQUA SLIPPERS
3 BOTTLE OF EYE DROPS
1 DRINKING MUG
2 NASAL SPRAYS
1 GOYA SEASONING
1 MOUTHWASH
1 GAT OF COLOGN DROPS
2 OMAPRAZOLE Anti-Acid BOTTLES
3 PERSONAL T-SHIRTS
4 PERSONAL BOXERS
5 PERSONAL SOCKS
1 ISLAMIC PRAYER OIL
1 BABY POWDER
1 FOOT POWDER
2 WRITING TABLETS
1 PAIR OF SUNGLASSES
4 BARS OF ANTI-BACTERIAL SOAP
1 BLACK STRETCH CAP
1 BLACK WAVE CAP
4 BASEBALL CAPS
2 PAIRS OF BOXER BRIEFS

Active cases previous Lawsuits for which information is available as was noticed to the Defendants

1. Mitchell v. Johnson, Case No. 20-7061, U.S. Court of Appeals, D.C. Circuit.
2. Mitchell v. Johnson, Case No. 19-7005, U.S. Court of Appeals, D.C. Circuit.
3. Mitchell v. Johnson, Case No. 19-5209, U.S. Court of Appeals, D.C. Circuit.
4. Mitchell v. United States, Case No. 20-20-0063, D.C. Court of Appeals.
5. United States v. Mitchell, Case No. 90-FEL-03556, Superior Court of the District of Columbia
6. Mitchell v. Ndifor, et al, Case No. 2017-CA-01574 B, Superior Court of the District of Columbia
7. Mitchell v. Carter, Case No. 1:20-CV-03536-RM, U.S. District Court, District of Colorado.

EXHIBIT NO. 1