IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-01842-RM-MEH

WALLACE MITCHELL,

    Plaintiff,

v.

J. SPENCER, et al.,

    Defendants.

---

## ORDER
---

    Before the Court are Plaintiff's Motion for Relief from Judgment and Second Motion for Preliminary Injunction and/or Temporary Restraining Order. (ECF Nos. 56, 60.) The Motions are denied for the reasons below.

**I.    BACKGROUND**

    Plaintiff is a federal prisoner proceeding pro se. In his forty-six-page Amended Complaint, he makes a slew of allegations concerning his incarceration at the United States Penitentiary in Florence, Colorado, including allegations that various Defendants stole his legal materials and other personal property, prevented him from receiving medications and medical care, prevented him from sending and receiving mail, have not provided him with an appropriate diet or adequate cleaning supplies, forced him to accept cellmates that are enemies, imposed disciplinary sanctions against him, denied him special holiday meals, and refused to allow him to participate in Ramadan. (ECF No. 33.) Plaintiff has since been transferred to another facility in Beaumont, Texas. (ECF No. 38 at 14.)

On June 16, 2022, United States District Court Judge Lewis T. Babcock accepted in part and rejected in part a recommendation by the magistrate judge that various claims in the Complaint be dismissed upon review under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915A(b). As pertinent here, Judge Babcock determined that Plaintiff's deprivation of property claims should be dismissed because, to show a due process violation, he needed to "allege facts to show the inadequacy or unavailability of a post-deprivation remedy." (ECF No. 42 at 3.)

On July 28, 2022, the Court summarily denied without prejudice his first motion for a temporary restraining order or preliminary injunction because it failed to address the injunctive relief factors and because courts generally take a deferential approach to matters of prison administration. (ECF No. 55.)

On August 8, 2022, Plaintiff filed his Motion for Relief from Judgment, seeking review of Judge Babcock's Order under Fed. R. Civ. P. 60(b) and reinstatement of his deprivation of property claims.

On August 19, 2022, he filed his second motion for a temporary restraining order or preliminary injunction, once more seeking an order enjoining Defendants from "arrang[ing] for enemies to be forced into [his] cell." (ECF No. 60 at 3.) He also requests that Defendants be enjoined from removing him from the challenge program in which is currently enrolled. (*Id.* at 6-8.)

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 60(b)

"A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018). Grounds for granting relief under Rule 60(b) are:

2

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### B.   Injunctive Relief

To obtain a temporary restraining order or injunction, the plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Because a preliminary injunction is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). The fundamental purpose of preliminary injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held. *Id.* If the injunction will (1) alter the status quo, (2) mandate action by the defendant, or (3) afford the movant all the relief that he could recover at the conclusion of a full trial on the merits, the movant must meet a heightened burden. *Id.* at 1259.

### C. Pro Se Plaintiff

Plaintiff proceeds pro se; thus, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court cannot act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

### A. Motion for Relief from Judgment

In response to Judge Babcock's Order, Plaintiff filed a request for administrative remedy seeking compensation for his personal property. The request and the response Plaintiff received are attached as exhibits to his Motion. (ECF No. 56 at 7, 8.) The response indicates that monetary compensation for lost or destroyed property is not available under the Administrative Remedy Program ("ARP"), and states that "[t]here are statutorily-mandated procedures in place for addressing such requests." (ECF No. 56 at 8.) But even if the ARP does not provide a meaningful remedy, Plaintiff still has not shown he does not have an adequate post-deprivation remedy for his claims via "a small claim process" or some other means. *See Louis-El v. Ebbert*, 448 F. Supp. 3d 428, 440 (M.D. Pa. 2020) (noting that the plaintiff could pursue his personal property claims "under either 31 U.S.C. § 2723, which allows for small claims of up to $1,000.00 to be presented to the respective agency to redress damages caused by the negligent acts of a federal officer, or 31 U.S.C. § 3724, which allows the Attorney General to settle claims for losses of private property."); *Railey v. Ebbert*, 407 F. Supp. 3d 510, 522 (M.D. Pa. 2019) (same). Accordingly, the Court declines to reinstate Plaintiff's deprivation of property claims.

### B. Motion for Preliminary Injunction and/or Temporary Restraining Order

Several claims in Plaintiff's Complaint contain similar allegations that various Defendants have violated his rights by forcing him to share a cell with other inmates whom

Plaintiff has identified as his enemies. (*See* ECF No. 33, ¶¶ 14, 21, 33.) To the extent such claims are brought as retaliation claims under the First Amendment, they have been dismissed because "there is no *Bivens* action for First Amendment retaliation." (ECF No. 42 at 8 (quoting *Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022)).) To the extent they are brought under the Eighth Amendment, "an inmate's rights under the amendment may be violated by a prison official's failure to prevent harm." *Garret v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001). "To demonstrate a violation, an inmate must satisfy both objective and subjective elements." *Id.* "The objective component is met if the deprivation is sufficiently serious." *Id.* (quotation omitted). "The subjective component—deliberate indifference—is met if the prison official both was aware of facts from the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quotation omitted).

      Plaintiff is unlikely to prevail on the merits on establishing either component. First, his allegations fall short of satisfying the "substantial harm" requirement of a deliberate indifference claim. Although he alleges "multiple assaults . . . and attempts on his life that have resulted in injuries" (ECF No. 53 at 2), he has failed to describe such injuries or explained how they could amount to substantial harm. And any harm based on an assault that has yet to occur is speculative at this point. With respect to the subjective component, Plaintiff has cited no authority, and the Court is not aware of any, for the proposition that prison officials are on notice that an inmate faces a substantial risk of harm merely because the inmate is forced to share a cell with someone whom he says is an enemy. Such a rule would pose obvious problems and present a marked departure from "the Supreme Court's deferential approach in matters of prison administration and the constitutional rights of prisoners." *Beerheide v. Suthers*, 286 F.3d 1179,

1184 (10th Cir. 2002). For present purposes, these reasons persuade the Court that Plaintiff is not likely to prevail in establishing the subjective component of an Eighth Amendment claim.

The irreparable harm Plaintiff alleges could occur if he is assaulted or if someone goes through his legal materials is also speculative. Nor do the balance of harms and public interest factors clearly and unequivocally weigh in Plaintiff's favor. The public has an interest in federal prisons running efficiently, and the inherent harms associated with, in effect, requiring that prisoners to consent to sharing a cell are not insubstantial. Accordingly, the Court finds Plaintiff has failed to show he is entitled to the extraordinary remedy of a preliminary injunction.

Plaintiff's request for an order enjoining Defendants from removing him from the challenge program also lacks merit. None of the allegations in the Complaint have anything to do with the challenge program. In light of Plaintiff's subsequent transfer to another facility after he filed his Complaint, there is no reason to believe any Defendant has any connection with the challenge program or Plaintiff's enrollment in it. Plaintiff may not use the vehicle of an injunction to obtain relief unrelated to the merits of his Complaint.

## IV. CONCLUSION

For the reasons above, the Motions (ECF Nos. 56, 60) are DENIED.

DATED this 30th day of September, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge