IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-01842-RM-MEH

WALLACE MITCHELL,

    Plaintiff,

v.

J. SPENCER, et al.,

    Defendants.

---

**ORDER**

---

    Before the Court is the Recommendation by United States Magistrate Judge Michael E. Hegarty (ECF No. 93) to deny without prejudice Plaintiff's Motion to Reinstate Deprivation of Property Claims (ECF No. 64). Although Plaintiff has not objected to the Recommendation, the Court rejects it for the reasons below. Instead, reviewing the fully briefed Motion de novo (ECF Nos. 91, 94), the Court finds that it lacks merit and denies it on that basis.

**I.    BACKGROUND**

    Plaintiff is a federal prisoner proceeding pro se. In his Amended Complaint, he raises an extensive list of concerns about the conditions of his confinement at the United States Penitentiary in Florence, Colorado. As pertinent here, he alleges that various Defendants stole his legal materials and other personal property. (ECF No. 33, ¶¶ 1, 3, 28, 36.) Plaintiff has since been transferred to another facility in Beaumont, Texas. (ECF No. 38 at 14.)

On June 16, 2022, United States District Court Judge Lewis T. Babcock dismissed some of Plaintiff's claims, including his deprivation of property claims because he failed to allege facts showing the inadequacy or unavailability of a post-deprivation remedy. (ECF No. 42 at 3.) Specifically, Judge Babcock found that Plaintiff failed to allege facts that would establish he attempted to use, but was denied access to, the Bureau of Prison's administrative remedy procedure. (*Id.* at 4-5.) Therefore, he failed to state a claim that he was deprived of property without due process of law in violation of the Fifth Amendment. (*Id.* at 5.)

On August 8, 2022, Plaintiff filed a Motion for Relief from Judgment and for Reinstatement of Deprivation of Property Claims (ECF No. 56), followed by a Second Motion for Preliminary Injunction and/or Temporary Restraining Order, or, in the Alternative to Show Cause (ECF No. 60) on August 16, 2022. According to the former, after his deprivation of property claims were dismissed by Judge Babcock, Plaintiff filed a Request for Administrative Remedy for lost or destroyed property in July 2022. (*See* ECF No. 56 at 7.) He received a response stating that monetary compensation for lost or destroyed property is not available through the Administrative Remedy Program and further explaining that there are statutorily mandated procedures in place for addressing such requests and advising Plaintiff he should file a small claims form with the correct regional address. (*Id.* at 8.)

The Court denied both motions on September 30, 2022 (ECF No. 62). The Court determined that "even if the [Administrative Remedy Program] does not provide a meaningful remedy, Plaintiff still has not shown he does not have an adequate post-deprivation remedy for his claims via 'a small claim process' or some other means." (ECF No. 62 at 4.) Citing *Louis-El v. Ebbert*, 447 F. Supp. 3d 428, 440 (M.D. Pa. 2020), and *Railey v. Ebbert*, 407 F. Supp. 3d 510,

522, (M.D. Pa. 2019), the Court suggested that Plaintiff could pursue his claims under 31 U.S.C. §§ 3723 and 3724.

On October 17, 2022, Plaintiff filed his Motion to Reinstate (ECF No. 64), once again seeking to reinstate his deprivation of property claims. That aspect of the Motion was referred to the magistrate judge, who directed Defendants to file a Response. (*See* ECF Nos. 71, 73, 74.) After the magistrate judge twice extended the deadline, Defendants filed their Response on January 19, 2023 (ECF No. 91).

On February 6, 2023, the magistrate judge issued the current Recommendation (ECF No. 93), finding Plaintiff's previous Objection (ECF No. 41) to an earlier Recommendation (ECF No. 38) to dismiss the same deprivation of property claims was still pending before this Court, and therefore the arguments in his current Motion were "redundant to his Objection." (ECF No. 93 at 2.) Consequently, the magistrate judge recommended that the Motion be denied without prejudice.

Plaintiff did not file an Objection to the Recommendation, and the deadline to do so has passed. Thus, he has waived his right to object to the Recommendation. *See Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267-68 (10th Cir. 1999). Nonetheless, Plaintiff did subsequently file an Opposition to Defendants' Response to the underlying Motion (ECF No. 94), which means the pending Motion to Reinstate (ECF No. 64) has now been fully briefed.

## II. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it

is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

      B.      **Motion to Reinstate**

Before the entry of a final judgment, this Court has the inherent power to revise interlocutory orders. *See Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000). "[E]very order short of a final decree is subject to reopening at the discretion of the district judge." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (quotation omitted); *see also* Fed. R. Civ. P. 54(b). "Thus, a court can alter its interlocutory orders even when the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied." *Nat. Bus. Brokers*, 115 F. Supp. 2d at 1256. But "to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision," and the motion "should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (quotations omitted).

      C.      **Pro Se Plaintiff**

Plaintiff proceeds pro se; thus, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court cannot act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.   ANALYSIS

#### A.   Magistrate Judge's Recommendation

Upon review of the docket, it appears that Judge Babcock implicitly overruled Plaintiff's previously filed Objection (ECF No. 41) when he dismissed Plaintiff's deprivation of property claims and assigned his surviving claims to this Court in his June 16, 2022, Order.  (*See* ECF No. 42.)  Though that does not necessarily contradict that magistrate judge's determination that Plaintiff's current Motion is "redundant," at this juncture the Court finds it just and expedient to reject the Recommendation and to review Plaintiff's Motion de novo.

#### B.   Motion to Reinstate

In his current Motion, Plaintiff asserts that in October 2022, the Federal Bureau of Prisons ("BOP") refused to accept a claim he submitted pursuant to § 3723.  (ECF No. 64 at 5, 15.)  He also asserts that the United States Attorney General initially rejected a claim he submitted pursuant to § 3724 but later offered him $500 to settle the matter in exchange for a release of his claims against the government.  (*Id.* at 5, 16-17.)  Plaintiff did not attach copies of these alleged claims or responses to his Motion, as pointed out by Defendants.  (*See* ECF No. 91 at 3-4.)  But accepting these assertions as true for present purposes, the Court nonetheless finds Plaintiff still has not shown that reinstatement of his deprivation of property claims is appropriate.

First, an unauthorized intentional deprivation of property does not offend the Due Process Clause if a meaningful post-deprivation remedy for the loss is available.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Thus, even if Plaintiff is correct that § 3723's remedy is limited to losses of privately owned property caused by the *negligence* of an officer or employee of the

5

United States Government, no such limitation appears to apply to § 3724 claims. *See D'Amario v. United States*, 56 F. Supp. 3d 249, 254-55 (W.D.N.Y. 2014) (concluding that § 3724 provided an adequate post-deprivation remedy where the defendants were alleged to have destroyed the plaintiff's property, either negligently or willfully). Nothing on the face of the statute suggests such a limitation, and Plaintiff cites no authority for the proposition that § 3724 does not apply to intentional deprivations of private property. As a result, Plaintiff has not established that § 3724 does not provide an adequate post-deprivation remedy to alleviate any due process concerns in the context of this case.

Second, even if Plaintiff is not satisfied with the results of his efforts to pursue these claims, "[t]he mere fact his claims were denied does not amount to the denial of due process." *Requena v. Roberts*, 893 F.3d 1195, 1213 (10th Cir. 2018). Plaintiff asserts that the BOP denied his § 3723 claim and that the Attorney General offered to settle his § 3724 claim for $500, but this does not show that the processes he employed were unresponsive or inadequate. *See Coburn v. Wilkinson*, 700 F. App'x 834, 837 (10th Cir. 2017) (unpublished) (concluding that in the absence of evidence that the process was unresponsive or inadequate, the plaintiff received "received the full measure of due process to which he was entitled"); *see also id.* (concluding further that "a denial of an appeal does not amount to a denial of due process"). Put differently, the fact that Plaintiff has been unable to recover the $2,858.30 to which he claims he is entitled does not mean that his due process rights have been violated.

Third, by their plain language §§ 3723 and 3724 both require claims to be presented within a year after they accrue. Plaintiff asserts that he sought relief under both statutes in October 2022 (*see* ECF No. 64 at 15, 16) based on conduct that, according to the Amended

6

Complaint, occurred, or at least began, in January and April 2021 (*see* ECF No. 33, ¶¶ 1, 3, 28, 36). But Plaintiff cites no authority, nor is the Court aware of any, for the proposition that the failure to pursue his claims in a timely manner rendered the means to do so inaccessible or inadequate.

In short, Plaintiff has failed to demonstrate a manifest error of law or fact with respect to the dismissal of his deprivation of property claims, and the Court discerns no strongly convincing argument for reinstating those claims at this stage of the case.

### IV. CONCLUSION

Therefore, the Court REJECTS the Recommendation (ECF No. 93) and DENIES Plaintiff's Motion to Reinstate (ECF No. 64) on the merits.

DATED this 9th day of March, 2023.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge